UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DANIEL SMITH,** | ) | **CASE NO. 1:14CV722** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **GREYSTONE ALLIANCE LLC,** | ) | **OPINION AND ORDER** |
| **ET AL.,** | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiff Daniel Smith's unopposed Motion for Summary Judgment (ECF # 21). For the following reasons, the Court grants, in part, and denies, in part, Plaintiff's Motion.

According to Plaintiff, Defendant Greystone Alliance LLC ("Greystone") is a debt collector under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). On February 21, 2014, Greystone called Smith to collect on a consumer debt owed by a "Chris Smith." Chris Smith is not related to Daniel Smith. On February 25, 2014, Smith informed Greystone that he was not the debtor and Chris Smith could not be reached at Daniel Smith's phone number. Despite Plaintiff's informing Greystone of the mistake, Greystone continued to call Plaintiff on March 4, 11, 14 and 24th. On April 2, 2014, Plaintiff filed suit against Greystone and several Doe Defendants for violations of the FDCPA, Ohio Consumer Sales Practices Act and for Invasion of Privacy. On June 16, 2014, Greystone filed its Answer to the Complaint. At a July 2014 Case Management Conference, the parties agreed to Mediation through the Court's Alternative Dispute Resolution department. On

October 31, 2014, Counsel for Greystone moved to withdraw for lack of payment.  The Court withdrew the referral for Mediation.   After a status conference in December 2014, the Court granted the Motion to Withdraw on the condition that Greystone's counsel serve a copy of the withdrawal order on Greystone.  The Court granted Greystone's counsel's Motion to Withdraw after counsel submitted proof of service of the Order on its client.  The Court then ordered Greystone to obtain new counsel within fourteen days of the Order.  Greystone failed to do so.  Plaintiff then filed his Motion for Summary Judgment and Greystone has failed to oppose it.

Smith has offered his declaration attesting to the fact that he informed Greystone he was not the debtor and instructed them not to call him again.  Despite being so informed, Greystone called Smith four additional times.  Smith also produced the call log of Greystone indicating its call to Smith on February 25, 2014 was a "wrong number."  It further shows additional calls to Smith thereafter.

>FDCPA 15 U.S.C. § 1692d(5) reads:
>
>A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>**(5)** Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

The Court finds Plaintiff has proven a violation of § 1692d entitling him to summary judgment on Count I of his Complaint due to Greystone's continued calls to Plaintiff even after Greystone possessed the knowledge that Plaintiff was not the debtor.  The Court denies Plaintiff's Motion for Summary Judgment for violation of § 1692f  because the Court has

already determined no genuine issue of fact exists as to Plaintiff's claim for violation of § 1692d and Plaintiff is entitled to summary judgment as a matter of law.   Because Greystone's acts are covered by §1692d Plaintiff cannot also bring a claim under § 1692f for the same conduct.  A "§ 1692f claim fails because Plaintiff has not identified any conduct that would not be covered by a different FDCPA provision. Section 1692f 'serves a backstop function, catching those 'unfair practices' which somehow manage to slip by §§ 1692d & 1692e.' *(Internal citation omitted).*   That is, '§ 1692f allows the court to sanction improper conduct that the FDCPA fails to address specifically.'" *Newton v. Portfolio Recovery Associates,* LLC 2014 WL 340414, 10 (S.D.Ohio,2014).

Plaintiff is not entitled to summary judgment on his Ohio Consumer Sales Practices Act claim under O.R.C. §1345.01, because Plaintiff has not demonstrated by any competent evidence he is a consumer and Greystone is a supplier as defined by the statute.

The Court further finds Plaintiff is not entitled to summary judgment on his Invasion of Privacy claim.  "The tort of invasion of privacy was recognized in Ohio in the case of *Housh v. Peth* (1956), 165 Ohio St. 35, 59 O.O. 60, 133 N.E.2d 340." The court in *Housh* outlined an Invasion of Privacy claim as follows:

> The right of privacy is the right of a person to be let alone, to be free from unwarranted publicity, and to live without unwarranted interference by the public in matters with which the public is not necessarily concerned.
>
> An actionable invasion of the right of privacy is the unwarranted appropriation or exploitation of one's personality, the publicizing of one's private affairs with which the public has no legitimate concern, or the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities."

*Howard v. City Loan and Sav. Co.* 31 Ohio App.3d 193, 195 (Ohio App.,1986).

Plaintiff's declaration states: "I am disabled. Greystone's calls caused me to feel harassed, and I was angered and annoyed by the repeated calls regarding a debt that I do not owe." (Smith declaration at ¶ 10). Plaintiff's declaration does not evidence "outrage, mental suffering, shame or humiliation" so as to entitled him to summary judgment for a claim of Invasion of Privacy under Ohio law.

Therefore, for the foregoing reasons, the Court grants, in part, Plaintiff's Motion for Summary Judgment on Count I of Plaintiff's Complaint for violation of the FDCPA § 1692d. The Court denies Plaintiff's summary judgment on his remaining claims. Therefore, in light of this ruling, Plaintiff shall file with the Court no later than September 22, 2015, an itemized list of his damages, supported by affidavit/declaration if the amount is for a sum certain. If the damages determination will require a hearing, Plaintiff shall submit a recommended date for the hearing.

IT IS SO ORDERED.

                                                  s/ Christopher A. Boyko
                                                  CHRISTOPHER A. BOYKO
                                                  United States District Judge

Dated: September 8, 2015